AO 91 (Rev. 5/85) Criminal Complaint AUSA Soto

# United States District Court

SOUTHERN _____ DISTRICT OF _____ FLORIDA

UNITED STATES OF AMERICA

vs.

IAN BRADLEY NIXON

## CRIMINAL COMPLAINT

CASE NUMBER: 06-3093-Turnoff

I, the undersigned complainant, being duly sworn, state the following is true and correct to the best of my knowledge and belief. On or about September 23, 2006, in Miami-Dade County, in the Southern District of Florida, the defendant, IAN BRADLEY NIXON, did knowingly and intentionally import into the United States from a place outside thereof, a Schedule II controlled substance, that is, 5 kilograms or more of a mixture and substance containing a detectable amount of cocaine, in violation of Title 21, United States Code, Section 952(a); and did knowingly and intentionally possess with the intent to distribute a Schedule II controlled substance, that is, 5 kilograms or more of a mixture and substance containing a detectable amount of cocaine, in violation of Title 21, United States Code, Section 841(a)(1).

I further state that I am a Special Agent with the Drug Enforcement Administration and that this complaint is based on the attached Affidavit.

John A. Costanzo, Jr., Special Agent, DEA
September 25, 2006

Sworn to before me, and subscribed in my presence,

9-25-06
Date

at Miami , Florida
City and State

UNITED STATES MAGISTRATE JUDGE
Name and Title of Judicial Officer

Signature of Judicial Officer

**AFFIDAVIT**

Special Agent John A. Costanzo Jr., being duly sworn, depose and states as follows:

1. I am a special Agent of the Drug Enforcement Administration (DEA) assigned to the Miami, Florida Field Division. I have been a Special Agent of the DEA for approximately 2 years. As a Federal Officer of the United States Department of Justice, I am authorized to conduct criminal investigations of violations of Title 21 of the United States Code. I have received extensive training in conducting these investigations and in identifying the means and methods used by narcotic traffickers as well as the financial aspects of the illegal narcotics business.

2. The information contained in this affidavit is submitted for the purpose of supplying probable cause for the issuance of a criminal complaint against IAN BRADLEY NIXON (hereinafter referred to as "NIXON") for violations of federal law, including violations of Title 21, United States Code, Sections 841 (a)(1), 846, and 952(a), all in violation of Title 21, United States Code, Sections 963 and 960(b)(1)(B), and Title 18, United States Code, Section 2. The following is based upon my own personal knowledge, information supplied to me by other law enforcement personnel, as well as information provided by a reliable source of information (hereinafter referred to as "SOI"). Because this affidavit is submitted for purposes of establishing probable cause, I have not set forth each and every fact about this investigation.

3. On or about September 23, 2006, your affiant, along with other agents of the Drug Enforcement Administration (DEA), conducted an investigation regarding the drug trafficking activities of NIXON. A reliable SOI indicated that NIXON was planning to travel via charter plane from Nassau, Bahamas to the South Florida area in order to import and then distribute

multiple kilograms of cocaine.

4. On September 23, 2006, NIXON piloted a small Lear jet, tail number C6CAP from Nassau, Bahamas to the Fort Lauderdale/ Hollywood International Airport along with co-pilot Godfrey Wallace. The plane arrived at approximately 12:25 p.m. and taxied to the U.S. Department of Homeland Security, Bureau of Customs and Border Protection (CBP) checkpoint at the Fort Lauderdale/ Hollywood International general air facility. At approximately 12:35 p.m., CBP inspectors boarded the aforementioned aircraft and conducted a border search. During the search, a CBP inspector discovered multiple brick shaped packages containing a white powdery substance, concealed in a rear compartment near the tail of the plane. Approximately 28 brick shaped packages were removed from the compartment. A subsequent field test of the white powdery substance from the brick shaped packages tested positive for cocaine. The approximate weight of the contraband was estimated to be 61.6 pounds, (approximately 28 kilograms). NIXON was subsequently arrested and Wallace was released.

5. During a post Miranda interview, NIXON admitted that he agreed to transport the cocaine from the Bahamas to the United States.

2

6. Based on the foregoing information, your affiant believes there is probable cause to believe that defendant NIXON knowingly and intentionally attempted to import into the United States from a place outside thereof five kilograms or more of cocaine and NIXON knowingly and intentionally conspired to possess with the intent to distribute five kilograms or more of cocaine.

FURTHER AFFIANT SAYETH NAUGHT.

JOHN A. COSTANZO, JR.
SPECIAL AGENT, DEA

Sworn and subscribed before me this _____ day of September 2006.

UNITED STATES MAGISTRATE
JUDGE

3

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

No. _06-3093-Turnoff_

UNITED STATES OF AMERICA

vs.

IAN BRADLEY NIXON,

Defendant.

_____/

## CRIMINAL COVER SHEET

1.  Did this matter originate from a matter pending in the United States Attorney's Office prior to April 1, 1999? _____ Yes __x__ No
    If yes, was it pending in the Central Region?
    _____ Yes _____ No

2.  Did this matter originate from a matter pending in the United States Attorney's Office prior to April 1, 2003? _____ Yes __x__ No

3.  Did this matter originate from a matter pending in the Narcotics Section (Miami) of the United States Attorney's Office prior to May 18, 2003? _____ Yes __x__ No

4.  Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to October 14, 2003? _____ Yes __x__ No

Respectfully Submitted,

R. ALEXANDER ACOSTA
UNITED STATES ATTORNEY

By: _____
ALEJANDRO O. SOTO
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No. 0172847
99 N.E. 4th Street
Miami, Florida 33132-2111
TEL (305) 961-9034
FAX (305) 530-7976